**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BETH BORTZ and MARC BORTZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16-cv-5338 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bank of America, N.A.'s motion to dismiss [10]. For the reasons set forth below, Defendant's motion to dismiss [10] is granted. Plaintiffs are given until January 10, 2017 to file an amended complaint consistent with this opinion.

## I. Background

This case stems from the foreclosure and sale of a property located on West Huron Street in Chicago, Illinois (the "Property"). In 2007, Teresa Rygielski executed a home mortgage loan on the Property in favor of a nominee from a Countrywide Home Loans, Inc. subsidiary. Bank of America subsequently acquired Countrywide, and BAC Home Loans Servicing, LP ("BAC") became the successor entity as the nominee on the mortgage. On January 5, 2009, BAC filed a complaint in the Circuit Court of Cook County to foreclose on Rygielski's mortgage after she defaulted on her loan payments. On January 20, 2010, the Circuit Court granted BAC's motion for judgment of foreclosure and sale and to shorten the period for redemption—that is, the period during which the mortgage borrower can pay off the total balance (plus fees) to reclaim the property before sale. The Property was sold by auction to BAC on March 4, 2010, and an order confirming the sale was entered on May 17, 2010. A judicial sale deed conveying title to the Property to BAC was executed on May 20, 2010, and recorded on August 28, 2010. On October

5, 2010, however, Rygielski filed a petition to vacate the foreclosure sale, claiming that BAC had failed to provide her with the required notice of the request to shorten the redemption period.

In March 2011, while Rygielski's petition to vacate was pending, BAC sold the Property to Plaintiff Beth Bortz through a Real Estate Purchase and Sale Contract (the "Purchase Contract"). According to the Complaint, Paragraph 21 of the Purchase Contract states, "The deed to be delivered shall be a deed that covenants that Grantor grants only that Grantor may have and that Grantor may have [sic] and that Grantor will only defend against persons claiming by through or under the Grantor but not otherwise."[1] [1, ¶ 23.] Paragraph 22, entitled "Defects In Title," states that "Seller is not obligated to (A) remove any exception; (B) bring any action or proceeding or bear any expense in order to convey title to the Property; or (C) make the title marketable or insurable." [1-2, at 14.] It further states that "Buyer acknowledges that the Seller's title to the Property may be subject to court approval of foreclosure or to a mortgagor's right of redemption." *Id.* Moreover, as part of the sale, BAC executed a Special Warranty Deed to Plaintiff Beth Bortz conveying tittle to the Property, which was executed on March 17. That deed contains a clause in all capital letters stating that Defendant's conveyance is "subject to any and all covenants, conditions, easements, restrictions, and any other matters of record." [1-3, at 1.] On March 31, 2011, Plaintiff Beth Bortz executed a quit claim deed conveying the Property to herself and her husband, Plaintiff Marc Bortz. Both deeds were publicly recorded. According to Plaintiff, BAC failed to disclose the Rygielski's petition in connection with the sale process.

On February 22, 2012, the Circuit Court granted Rygielski's petition to vacate the January 20, 2010 foreclosure order and the May 19, 2010 order confirming the sale of the

[1] The copy of the Purchase Contract's addendum attached to the Complaint is almost illegible. [See 1-2.] However, on the Court's reading, paragraph 21 states, "The deed to be delivered at closing shall be a deed that covenants that grantor grants only title that grantor may have and that grantor will only defend title against persons claiming by, through, or under the grantor, but not otherwise (which deed may be known as a Special Warranty, Limited Warranty, Quitclaim, or Bargain and Sale Deed)." *Id.* at 14.

foreclosed property to BAC. Unaware of this order, Plaintiffs leased the Property to another couple for the period of June 1, 2012 through May 31, 2014, which generated rental income for Plaintiffs.

On April 9, 2014, Rygielski filed a complaint in the Circuit Court of Cook County to evict the leasing tenants. BAC then amended its complaint from the initial foreclosure action against Rygielski in response to these events. Plaintiffs intervened in the case on June 10, and filed an answer to BAC's amended complaint that asserted a counterclaim to quiet title against Rygielski but did not assert any claims against BAC. On December 3, 2015, the Circuit Court granted Plaintiffs' motion to reconsider and vacated the February 22, 2012 order granting Rygielski's 2010 petition to vacate on the grounds that Rygielski's petition was untimely. The effect of this order was to reinstate the January 20, 2010 foreclosure order against Rygielski and the May 19, 2010 order confirming sale of the Property to BAC. Because the court reinstated the May 19, 2010 order, the court found that Plaintiffs' quiet title claim against Rygielski was moot. Rygielski then filed two motions for reconsideration of court's December 3, 2015 order, which the court denied on July 7, 2016. On July 27, 2016, Rygielski's complaint for eviction was dismissed without prejudice, and she filed notice of appeal on August 8 and 9, 2016.

On May 18, 2016, Plaintiffs Beth and Marc Bortz filed the instant complaint against Defendant Bank of America, N.A. (BAC's successor-in-interest by merger) invoking this Court's diversity jurisdiction and asserting claims for breach of contract (Count I), breach of special warranty deed (Count II), and "title defects bar to financing" (Count III). Defendant moved to dismiss the complaint in its entirety [11], and Plaintiffs voluntarily dismissed Count III [18, 20].

## II. Legal Standard

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with

Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his [or her] claim" and "may be considered by the district court in ruling on the motion to dismiss * * * without converting [it] to a motion for summary judgment." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

## III. Analysis

Defendant moves to dismiss Counts I (breach of purchase contract) for failure to state a claim, and to dismiss Count II (breach of warranty deed) on the grounds that it is barred by the statute of limitations, fails to state a claim, and is duplicative of Count I. Defendant also argues that both Counts I and II are barred by res judicata. The parties do not dispute that Illinois law governs here. Plaintiffs attached the Purchase Contract and Special Warranty Deed to the

complaint [see 1-2, 1-3], which the Court considers in connection with ruling on the motion to dismiss. *Wright*, 29 F.3d at 1248. The Court begins with Count I.

**1. Failure to State a Claim (Count I)**

To state a claim for breach of contract under Illinois law, Plaintiffs must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 758 (2004). Plaintiffs claim that Defendant breached the Purchase Contract when Defendant "failed to disclose" Rygielski's pending petition to vacate. [1, ¶¶ 22–23.] Plaintiffs allege that this "claim or encumbrance arose during the time" when Defendant "was the record title holder to the Property and was based on the conduct and actions of [Defendant]." *Id.* ¶ 24. Plaintiffs further allege that "[p]ursuant to the terms of the Purchase Contract and the contractual requirements of the Special Warranty Deed, [Defendant] warranted to Plaintiffs title to the Property free and clear of any encumbrances placed on the Property while [Defendant] owned record title to the Property." *Id.* ¶ 25. As a result, Plaintiffs allegedly suffered damages of $185,000 in lost rental income from the Property. *Id.* ¶ 26.

Defendant argues that the complaint never states exactly how the terms of the Purchase Contract were breached. The Court agrees. Plaintiffs do not allege in the complaint (or in their response) that Defendant actually breached Paragraph 21 of the Purchase Contract. That may be because Paragraph 21 does not expressly "warrant[] * * * title * * * free and clear of any encumbrances placed on the Property while [Defendant] owned record title to the Property." *Id.* ¶ 25. The "covenant against encumbrances" is not necessarily the same as the "covenant of warranty." 14-81A Powell on Real Property § 81A.03 (2015) (noting that "[t]he covenant

against encumbrances promises the grantee that there were no encumbrances, liens or servitudes against the land as of the date of the conveyance," while "the covenant of warranty assures the grantee that the grantor will forever warrant and defend the title of the land"); see also *id.* § 81A.06 (distinguishing these covenants). Here, Paragraph 21 requires that Defendant deliver a deed granting "only that title that grantor may have" and "that grantor will only defend title against persons claiming by, through, or under the grantor, but not otherwise." [1-2, at 14.] Plaintiffs do not allege that Defendant, in fact, breached either requirement: Defendant granted the title it had to the Property to Beth Bortz and defended against Rygielski's claims. Plaintiffs, perhaps by design, never specifically argue that Paragraph 21 warranted title "free and clear of any encumbrances" or that this provision was breached.

The absence of an obligation in Paragraph 21 to give title "free and clear of any encumbrances" is reinforced by the "Defects in Title" provisions contained in Paragraph 22. Paragraph 22 acknowledges the possibility that the Property "may be subject to court approval of foreclosure or to a mortgagor's right of redemption." [1-2, at 14.] Likewise, Paragraph 22 relieves Defendant from taking affirmative steps to remove exceptions, initiate actions to convey title, or make the title marketable or insurable. *Id.* Plaintiffs claim that Paragraph 22 must be unenforceable because "a party cannot promise to act in a certain manner in one portion of a contract and then exculpate itself from liability for breach of that very promise in another part of the contract." [17, at 6 (citing *Jewelers Mut. Ins. Co. v. Firstar Bank Ill.*, 213 Ill. 2d 58, 64 (2004)).] But Paragraph 22's provisions excusing Defendant from taking certain affirmative actions are perfectly consistent the defensive obligations imposed under Paragraph 21. Reading Paragraphs 21 and 22 together, Defendant must "defend" title when a person claims title "by, through, or under the grant," but need not take affirmative steps to "remove exceptions" or

"make the title marketable" such as by initiating suit. Regardless, *both* provisions—read separately or together—undermine the argument that Defendant warranted title "free and clear of any encumbrances" in the Purchase Contract.

Plaintiffs also allege in Count I that other "terms of the Purchase Contract and the contractual requirements of the Special Warranty Deed" provided this warranty. [1, ¶ 25.] Defendant has challenged Counts I and II as duplicative [11-1, at 10]. If both Counts I and II purport to address injuries from the same breach of the same special warranty deed based on the same operative facts, then those claims may well be duplicative. See, *e.g.*, *Veldekens v. GE HFS Holdings, Inc.*, 2008 WL 4425363, at *21 (S.D. Tex. Sept. 24, 2008) (dismissing as duplicative "wrongful foreclosure claims [that] are premised, in large part, on the breach of contract claim"); *All. Laundry Sys. LLC v. Eaton Corp.*, 2013 WL 5719011, at *6 (E.D. Wis. Oct. 21, 2013) (dismissing claim for "breach of the implied duty of good faith and fair dealing [that] appears to be premised on [defendant's] breach of contract"). But, as presently drafted, Count I alleges a "Breach of Purchase Contract" and Count II alleges a "Breach of Special Warranty Deed." [17, at 8–9.] For now, the Court addresses only whether Plaintiffs have stated a claim for breach of the "Purchase Contract" under Count I separate and apart from any alleged breach of the deed.

Defendant argues that Plaintiffs never identify "which specific 'terms' of the Purchase Contract required BAC to warrant they were taking title free and clear of any encumbrances" arising during Defendant's ownership. [11-1, at 15.] "The law on the issue of whether it is necessary to cite specific contract provisions to state a claim for breach of contract is divided in this district." *Peerless Network, Inc. v. MCI Commc'n Servs., Inc.*, 2015 WL 2455128, at *5 (N.D. Ill. May 21, 2015) (collecting cases). What matters is whether Plaintiffs "alleged enough facts to put [Defendant] on fair notice of the 'contractual duty' it breached." *Id.* at *7. Here,

Defendant lacks fair notice. The only provisions identified by the parties—Paragraphs 21 and 22—appear to undermine the existence of a warranty in the Purchase Contract that gave title "free and clear of any encumbrances." "Without alleging a contract provision that was breached, th[is] claim is merely possible, not plausible." *Burke v. 401 N. Wabash Venture, LLC*, 2010 WL 2330334, at *2 (N.D. Ill. June 9, 2010). To the extent Plaintiffs are actually arguing that Defendant was obligated to "disclose" any encumbrances that arose or might arise on the Property based on the period when Defendant had record title [see 1, ¶ 22], they do not identify where in the contract Defendant agreed to provide this disclosure. "Without identifying a provision of the Agreement that was actually breached, [Plaintiffs] cannot allege a claim for breach of contract." *Nat'l Tech., Inc. v. Repcentric Sols.*, 2013 WL 6671796, at *2 (N.D. Ill. Dec. 18, 2013). Plaintiffs are free to attempt to remedy their complaint by pointing to the specific contractual provisions allegedly breached to show how they are entitled to relief.

Before moving to Count II, the Court briefly passes on two aspects of the Purchase Contract that appear relevant to this dispute. First, the complaint alleges that Plaintiff Beth Bortz is a party to this contract. [1, ¶ 12 ("BAC entered into a Real Estate Purchase and Sale Contract with Plaintiff Beth Bortz").] The complaint does not allege how Plaintiff Marc Bortz claims rights under this agreement, and the Purchase Contract appears to preclude the Buyer (Beth Bortz) from assigning the agreement to Marc Bortz. [See 1-2, at 17 ¶ 34.] Because Defendant raised whether Marc Bortz has standing only in a footnote in its reply brief [see 24, 10 n.6], the Court does not address this issue. See *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("[A] party can waive an argument by presenting it only in

an undeveloped footnote.”). Nevertheless, Plaintiffs would be wise to anticipate this issue when amending their complaint if they choose to do so.

Second, the first page of the Purchase Contract’s Addendum contains a provision entitled “Limitation of Seller’s Liability and Buyer’s Waiver of Important Rights.” [1-2, at 5.] The provisions of this section are in bold and all capital letters. On review, these provisions seem to limit the buyer to “the lesser of buyer’s actual damages or $5,000.00 if the sale to buyer closes” for “all claims * * * arising out of or relating in any way to the agreement or the sale of property to the buyer including, but not limited to, Seller’s breach or termination of this agreement * * * [or] Seller’s title to the property.” *Id.* (capitalization altered). Moreover, Buyer appeared to waive any claim to “special, consequential, or punitive damages whatsoever, whether in contract, tort * * * or other legal or equitable principle, theory, or cause of action arising out of or related in any way to any claim.” *Id.* (capitalization altered). Neither side addresses whether these provisions affect Plaintiffs’ invocation of diversity jurisdiction and the Court leaves this issue for another day.[2]

**2. Statute of Limitations (Count II)**

Defendant moves to dismiss Count II as barred by Illinois’ five-year statute of limitations. See 735 Ill. Comp. Stat. Ann. 5/13-205. Section 13-205 provides that:

> Except as provided in Section 2-725 of the “Uniform Commercial Code”, approved July 31, 1961, as amended, and Section 11-13 of “The Illinois Public Aid Code”, approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

[2] Buyer also appeared to waive the right to a jury trial [1-2, at 6], which Plaintiffs demand here [see 1].

*Id.* Specifically, Defendant argues that a claim for breach of warranty deed falls within the catchall "all civil actions not otherwise provided for" because the "Illinois Code of Civil Procedure does not provide a specific statute of limitations applicable to a claim for breach of special warranty deed." [11-1, at 20.]

Plaintiffs argue that Count II is timely because Illinois' ten-year statute of limitations applies. See 735 Ill. Comp. Stat. Ann. 5/13-206. Section 13-206 provides, in relevant part, that "actions on bonds, promissory notes, bills of exchange, written leases, *written contracts*, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued." *Id.* (emphasis added). Plaintiffs argue that "a special warranty deed is a written instrument created in accordance with and pursuant to written contract" and thus a breach of warranty deed is a claim "arising out of a written contract" governed by Section 13-206. [17, at 9.]

Neither side offers much guidance on how Illinois courts have addressed this issue. Defendant does not identify a single case applying Illinois' five-year statute of limitations to breach of warranty deed claims. Plaintiffs cite only one case, *Brown v. Lober*, 75 Ill. 2d 547 (1979), which they characterize as having "held that a breach of warranty deed claim is subject to a 10 year statute of limitations." [17, at 9.] Defendant points out that neither party challenged the ten-year bar's applicability in *Brown*. See *Brown*, 75 Ill. 2d at 552 ("No question is raised as to the applicability of the 10-year statute of limitations. We conclude, therefore, that the cause of action for breach of the covenant of seisin was * * * barred by the statute of limitations, since plaintiffs did not file their complaint until * * * nearly 20 years after their alleged cause of action accrued."). Defendant describes *Brown* as the "sole case in Illinois addressing this issue," but still urges that the "*Brown* holding is of no consequence" to deciding the correct statute of

limitations based on the assumed applicability of the statute there and the fact that the *Brown* complaint would have been untimely under either limitations period. [24, at 17–18.]

Several courts, however, have applied the ten-year statute of limitations to claims involving or stemming from a breach of warranty deed. See, *e.g.*, *Fritzsche v. Union Pac. R. Co.*, 303 Ill. App. 3d 276, 282 (1999) (holding that "wrongful-death action based upon defendant's breach of the covenant to maintain a grade of less than 8% in the 1903 warranty deed" was not barred by "the 10-year statute of limitations" because this limitation period had not run (nonpublishable under Ill. S. Ct. R. 23)); *Bucko v. Bucko*, 321 Ill. App. 632 (1944) ("A count of complaint for breach of warranty in deed, executed within ten years before filing of complaint, was not barred by statute of limitations." (abstract of op.)); *Eichelberger v. Homerding*, 317 Ill. App. 125, 126–30 (1942) (applying 10-year statute of limitations to claim for failure to remove encumbrances in violation of warranty deed, but holding the statute had not yet run); *Chi. Mill & Lumber Co. of Cairo v. Townsend*, 203 Ill. App. 457, 464–65 (1916) (holding that claim for breach of warranty contained in real estate deed was not barred by 10-year statute of limitations and Arkansas's 5-year statute of limitations did not apply); *Bates v. Bates Mach. Co.*, 230 Ill. 619, 622 (1907) (contrasting the "10-year limitation, which barred an action of covenant (as the action was brought upon a covenant contained a deed)" with the 6-year limitation "applied to the action of assumpsit"); see also *Lake Caryonah Imp. Ass'n v. Pulte Home Corp.*, 903 F.2d 505, 508–09 (7th Cir. 1990) (holding that plaintiff's claim that defendant "must convey the property" is "based upon a claim for breach of contract, and § 13-206, which sets forth a ten year period, is the appropriate limitations period"); *Oechsle v. Pickus*, 1995 WL 430946, at *2–3 (N.D. Ill. July 18, 1995) ("This Court finds the ten-year statute of limitations to be applicable since plaintiffs brought a cause of action for breach of a contract warranty [to

convey property by warranty deed with merchantable title] that was explicitly created in a written document."). Thus, *Brown* is hardly alone in applying the ten-year statute of limitations to claims for breach of a warranty deed.

Defendant advances two arguments for avoiding Section 13-206. First, Defendant argues that the text "does not refer to deeds" and the Court may not "deviate from the [statute's] plain language and meaning" to "infer" it applies to deeds. [24, at 18–19.] But the plain language cuts against Defendant. Section 13-206 applies to "actions on * * * written contracts." Under Illinois law, "[a] warranty deed is a contract." *Chi. Title Ins. Co. v. Bass*, 31 N.E.3d 444, 451, 2015 IL App (1st) 140948, ¶ 21; see also 26A C.J.S. Deeds § 3 (2016) ("A deed is a written contract."). Not surprisingly, courts have applied Section 13-206 to various kinds of "written contracts" even though that specific example of a contract is not expressly listed in the statute. See, *e.g.*, *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012) (guarantees for equipment leases); *Travelers Cas. & Sur. Co. v. Bowman*, 229 Ill. 2d 461, 467 (2008) (indemnification agreement); *In re Marriage of Braunling*, 381 Ill. App. 3d 1097, 1102 (2008) (reformation of premarital agreement); *Cent. States, Se. & Sw. Areas Pension Fund v. Jordan*, 873 F.2d 149, 150 (7th Cir. 1989) (pension obligations); *Elec. Contractors' Ass'n of City of Chi. v. A. S. Schulman Elec. Co.*, 391 Ill. 333, 345 (1945) (association's bylaws and constitution). Likewise, the fact that courts have applied Section 13-206 to deed-related claims for decades—and Defendant cannot identify a single case to the contrary—shows that courts have never seriously questioned that deeds fit firmly within the plain text. In short, applying the phrase "written contracts" to "deeds" is perfectly compatible with the Section 13-206's plain meaning.

Second, Defendant argues that "a deed for conveyance of property does not satisfy the statute of frauds" because it is "only executed by the grantor, and not the grantee," and "thus

does not equate to an enforceable written contract." [24, at 19.] To start, Defendant misconstrues Illinois' statute of frauds, which requires that certain land sale contracts are "signed by the party to be charged therewith." 740 Ill. Comp. Stat. Ann. 80/2. In other words, "[t]he statute requires that the writing bear the signature of the party *against whom* the court enforces the contract." *Roti v. Roti*, 364 Ill. App. 3d 191, 196 (2006) (emphasis added); accord *Laegeler v. Bartlett*, 10 Ill. 2d 478, 482 (1957) (holding that land contract signed by the seller, but not buyer, does not violate the statute of frauds because the seller was the "party sought to be charged with performance of the contract"). Here, Plaintiffs seek to enforce the Special Warranty Deed against Defendant, who executed the deed [see 1-3; 24, at 19]. Accordingly, there is no statute of frauds issue in this case, never mind a general rule in Illinois that "a deed for a conveyance of property does not satisfy the statute of frauds."[3] [24, at 19.]

Even so, Defendant overlooks the fact "in Illinois, the test for whether a contract is written under the statute of limitations is not whether it meets the statute of frauds, but whether all essential terms of the contract could be ascertained from the written instrument." *Toth v. Mansell*, 207 Ill. App. 3d 665, 673–74 (1990). "[T]he written instrument itself must completely identify the parties to the contract." *Brown v. Goodman*, 147 Ill. App. 3d 935, 940 (1986). The key issue for contracts under Section 13-206 is whether "the existence of that contract or one of its essential terms must be proven by parol evidence," in which case "the contract is deemed oral and the five-year statute of limitations applies." *Armstrong v. Guigler*, 174 Ill. 2d 281, 287 (1996). Here, the existence of the deed, its terms, the grantor (BAC), the grantee (Beth Bortz), and the legal description of the property at issue are all identifiable from the deed itself. [See 1-

[3] The sole case that Defendant cites for this point is *McMillan v. Ingolia*, 87 Ill. App. 3d 727 (1980), which involved a grantor seeking specific performance of a repurchase option against the grantees (who had not signed the deed), triggering the statute of frauds. Because Plaintiffs claim to be grantees seeking to enforce a deed against the signing grantor-Defendant, *McMillan* is of no help to Defendant.

3.] Defendant does not identify any essential terms of the deed that must be proven by parol evidence.[4] Moreover, "[t]he essence of any contractual action is * * * where liability emanates from a breach of a contractual obligation," and Plaintiffs assert no source of liability other than the warranty deed for Count II. *Armstrong*, 174 Ill. 2d at 290–91 (distinguishing cases where cause of actions may be traced to writing, but the basis of liability is not contractual in nature).

Therefore, Plaintiffs' claims, as presently framed, are governed by Illinois' ten-year statute of limitations, and Defendant's motion to dismiss Count II as untimely is denied.

**3. Failure to State a Claim (Count II)**

Count II is styled as a claim for "Breach of Special Warranty Deed." [1, at 5.] The Special Warranty Deed states that Defendant's conveyance is "subject to any and all covenants, conditions, easements, restrictions, and any other matters of record." [1-3.] Plaintiffs allege that this deed "does not comply with the terms and provisions set forth in the Purchase Contract" and the deed's language "appears to exclude the seller from warranting to the purchaser Plaintiff Beth Bortz against Rygielski's encumbrance upon the Property done or suffered by [Defendant] during the period of time [Defendant] held record title to the Property." [1, ¶ 29.] According to Plaintiffs, "the express language of the Purchase Contract and other language set forth in paragraph 1 of the Special Warranty Deed render the 'any other matters of record' provision inapplicable to the encumbrance upon the Property created by Rygielski's October 5, 2010

[4] Defendant argues that Plaintiff Marc Bortz is not a grantee on the deed and lacks standing under Count II. [24, at 10 n.3.] Because the Complaint is dismissed with leave to amend, the Court does not address whether Marc Bortz's assertion of standing alters the conclusion that the essential terms of this deed are readily ascertainable from the deed itself. If, upon amending the complaint, Marc Bortz asserts standing to sue for breach of deed despite the fact that his name does not appear on the deed, Defendant is free to raise whether these standing arguments depend on parol evidence and trigger application of the five-year statute of limitations under *Armstrong*. See *Brown*, 147 Ill. App. 3d at 941 ("The issue is not whether the identity of [party] can be readily ascertainable from subsequent writings, the issue is whether the identity of [party] can be readily ascertained from the 1963 option agreement itself so as to avoid the resort to parol evidence."). Plaintiffs may avoid this problem, of course, by omitting Marc Bortz as a plaintiff.

[petition to vacate].” *Id.* ¶ 30. Therefore, this “encumbrance * * * constitutes a material breach of the Special Warranty Deed,” which resulted in damages. *Id.* ¶¶ 31–32.

The Court agrees that Plaintiffs have failed to state a claim under Count II. Plaintiffs allege that the deed “on its face appears to exclude the seller from warranting to the purchaser Plaintiff Beth Bortz against Rygielski’s encumbrance upon the Property.” [1, ¶ 29.] In other words, Plaintiffs allege that the encumbrance *does not* breach the deed as written. Plaintiffs also allege that the “Special Warranty Deed executed by [Defendant] and delivered to Plaintiff Beth Bortz (Exhibit 3) does not comply with the terms and provisions set forth in the Purchase Contract.” [1, ¶ 28.] But Plaintiffs do not claim that (1) delivery of the deed as written is a breach of the Purchase Contract; (2) Plaintiffs suffered damages from that “breach;” (3) the deed should be reformed to reflect the promises embodied in the Purchase Contract; or (4) the reformed deed should specifically warrant any particular thing. Furthermore, Plaintiffs do not argue that the phrase “any other matters of record” is ambiguous—rather, they allege the deed “on its face” excludes a warranty against the Rygielski’s encumbrance. Plaintiffs also do not allege what “express language in the Purchase Contract and covenants set forth in paragraph 1 of the Special Warranty Deed render the ‘any other matters of record’ provision inapplicable” to Rygielski’s encumbrance.[5] [1, ¶ 30.] While Plaintiffs may well be able to state a claim, the Court cannot tell based on the complaint as presently drafted and Defendant does not need to guess under Rule 8.

---

[5] Plaintiffs argue in response that “the terms of the Special Warranty Deed prescribed by paragraph 21 of the Addendum expressly includes a warranty and a duty to defend against Rygielski’s claim.” [17, at 5.] Those arguments are at odds with Paragraph 27 in the complaint. [1, ¶ 27 (“The Special Warranty Deed * * * does not comply with the terms and provisions set forth in the Purchase Contract.”).] “It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.” *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). In any event, if a breach of the Purchase Contract is proven by the terms of the Special Warranty Deed and a breach of Special Warranty Deed is proven by the terms of the Purchase Contract, it is hard to see how Counts I and II are distinct.

Because the motion to dismiss Count II is granted and Plaintiffs are given leave to amend their complaint, the Court need not consider at this juncture whether Plaintiffs' claims are barred by res judicata or whether Counts I and II are duplicative. Likewise, the Court does not address Defendant's argument that Plaintiffs have failed to state a claim under Count II because Defendant did not cause or "suffer to cause" Rygielski to file the October 2010 petition to vacate in breach of the warranty.[6] [11-1, at 22–23; 17 at 10–12; 24, at 21-23.].

## IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss [10]. Plaintiffs are given until January 10, 2017 to file an amended complaint.

Dated: December 6, 2016

Robert M. Dow, Jr.
United States District Judge

[6] This argument is underdeveloped. Both sides discuss only one case, *Chicago Title Insurance v. Aurora Loan Services, LLC*, 996 N.E.2d 44, 2013 IL App (1st) 123510. In *Chicago Title*, the Illinois Appellate Court noted that "no Illinois case law * * * provides insight into the nature of a special warranty deed," which led it to rely on other "[j]urisdictions that frequently employ special warranty deeds [to] inform [its] analysis of the issues." *Id.* at 50, ¶ 17 (citing cases from Nebraska, Florida, Maryland, Pennsylvania, and Delaware). Accordingly, several jurisdictions may (or may not) offer guidance that bears on whether Plaintiffs' claims are viable as a matter of law. See, *e.g.*, *Midfirst Bank v. Abney*, 365 Ill. App. 3d 636 (2006); *Dillow v. Magraw*, 102 Md. App. 343 (1994); *S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club*, 75 Haw. 480 (1994); *Boulware v. Mayfield*, 317 So. 2d 470 (Fla. Dist. Ct. App. 1975); *Kansas City Life Ins. Co. v. Gehant*, 362 Ill. 58 (1935). But "[i]t is not this Court's obligation to do the research for the parties or support bald assertions for them." *Allstate Ins. Co. v. Kundrat*, 2006 WL 516780, at *10 (N.D. Ind. Mar. 2, 2006). If Plaintiffs amend their complaint and Defendant moves to dismiss on this ground again, the issues raised by this argument—such as whether the failure to give notice in a foreclosure proceeding or the filing of the petition itself was the "encumbrance;" whether the "encumbrance" arose at the time of the foreclosure proceeding, the filing of the petition, the February 2012 order, or the filing of the eviction complaint in 2014; whether Rygielski's petition was a "valid" lien or merely a cloud on the title; whether a cloud on a title can constitute a breach of a special warranty deed; etc.—will require significantly greater attention and development with case law support.